

**ORDERED in the Southern District of Florida on August 17, 2011.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

PHARMACY DISTRIBUTOR               CASE NO.: 08-27284-EPK
SERVICES, INC.                     CHAPTER 7

    Debtor.
_____/

ROBERT C. FURR, Trustee
for the Bankruptcy Estate of
Pharmacy Distributor Services, Inc.,

    Plaintiff,
v.                                 ADV. NO.: 11-01844-EPK

UNITED STATES DEPARTMENT
OF TREASURY INTERNAL REVENUE
SERVICE,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS [ECF No. 15]**

In its *Motion to Dismiss the Amended Complaint* [ECF No. 15] (the "Motion to Dismiss"), the United States of America (the "United States") argues that the trustee's

1

fraudulent conveyance action brought under section 544[1] is not subject to waiver of sovereign immunity in spite of the fact that section 106 explicitly waives sovereign immunity for actions under section 544. The United States argues that a rule of Florida law prohibiting claims for refund of Florida taxes that were voluntarily paid should be extended to bar the trustee's claims in connection with federal taxes, citing two decisions construing Maryland law that have been repeatedly questioned, in spite of the fact that the so-called voluntary payment doctrine is a defense applicable only to taxes imposed by the State of Florida and only to refund claims brought by the payor and not fraudulent conveyance claims. The United States argues that this action was not timely commenced in spite of the fact that it was filed within the period explicitly provided in section 546 as construed by numerous published decisions. Each of these arguments falls along a path now familiar to the United States. Each of these arguments lacks merit.

The Court considered the Motion to Dismiss, the *Plaintiff/Trustee's Response to Defendant's Motion to Dismiss First Amended Complaint* [ECF No. 18], the *Reply to Plaintiff's Response to the United States' Motion to Dismiss the Amended Complaint* [ECF No. 19], and the record in this adversary proceeding, and is otherwise fully advised in the premises. For the reasons set forth below, the Court will deny the Motion to Dismiss.

On November 13, 2008, Pharmacy Distributor Services, Inc. (the "Debtor") filed a voluntary chapter 11 petition. On April 13, 2010, the Court granted the Debtor's motion to convert its chapter 11 reorganization case to a chapter 7 liquidation case. On April 15, 2010, Robert C. Furr (the "Trustee") was appointed the interim chapter 7 trustee pursuant to section 701. A meeting of creditors was held on May 13, 2010, at which point the Trustee became the permanent chapter 7 trustee in this case.

---

[1] Unless otherwise noted, references to "section" or "sections" shall be deemed references to the applicable section or sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

On March 29, 2011, the Trustee filed this adversary proceeding. The United States filed a motion to dismiss, resulting in entry of an *Agreed Order Dismissing Adversary Proceeding without Prejudice and Allowing for Ten (10) Days to File an Amended Complaint*. Thereafter, the Trustee filed a *First Amended Complaint to Avoid Fraudulent Transfers* [ECF No. 10] (the "Complaint"). On June 13, 2011, the United States filed the instant Motion to Dismiss, requesting dismissal of this adversary proceeding for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

### The United States Waived Sovereign Immunity for the Trustee's Claims

The United States argues that while Congress waived sovereign immunity under section 106 for actions under section 544, Congress did not explicitly waive sovereign immunity for the Trustee's underlying fraudulent conveyance claims under Florida statutes. The Complaint here contains three counts, each of which relies on section 544 and Florida's Uniform Fraudulent Transfer Act, Florida Statutes sections 726.101 *et seq*. ("FUFTA"). The Trustee alleges that the Debtor made a single payment to the United States on account of federal taxes owing by the Debtor's two principals and the Trustee requests judgment against the United States in the amount paid by the Debtor under sections 544 and 550. The United States argues that without an explicit waiver of sovereign immunity for claims under FUFTA, the Trustee's claims are barred.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citation omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

3

Section 106 abrogates sovereign immunity for, *inter alia*, all avoidance actions that may be pursued by a trustee under the Bankruptcy Code. Section 106 explicitly includes actions under section 544.

Section 544(b)(1) provides: "Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." For purposes of section 544(b)(1), "applicable law" is almost always state fraudulent conveyance law. Section 544(b)(1) empowers a trustee to take advantage of state fraudulent conveyance law for the benefit of the estate.

The United States concedes, as it must, that section 106 waives sovereign immunity for actions under section 544. But the United States argues that this is only the first of two hoops the Trustee must jump through to bring the claims presented in the Complaint. The United States argues that there must be a separate, explicit waiver of sovereign immunity as to any "applicable law" used to bring an action under section 544. That is, if a trustee wishes to pursue a fraudulent conveyance action under section 544 relying on state fraudulent conveyance law, there must be a specific waiver of sovereign immunity for actions under that state fraudulent conveyance law. Obviously, such a waiver cannot stem from state statute, as only Congress may waive sovereign immunity for the United States to be sued. According to the United States, Congress has not explicitly waived sovereign immunity for actions under FUFTA, and so the Trustee's Complaint must be dismissed.

The argument offered by the United States leads to an absurd result and thus fails. The Court is unable to ascertain any claim that would constitute "applicable law" under section 544 for which Congress has explicitly waived sovereign immunity independent of section 106. To require that there be a separate waiver of sovereign immunity as to a state

4

law claim underlying a section 544 action, which state law claim is a necessary component of the claim under section 544, would eviscerate the abrogation of sovereign immunity for section 544 actions.  Under the argument presented by the United States, the reference to section 544 in section 106 would be meaningless.  Why would Congress explicitly waive sovereign immunity for all other avoidance actions under the Bankruptcy Code, and include a waiver of sovereign immunity for actions under section 544 knowing that section 544 encompasses state law theories, but then require a separate waiver of sovereign immunity for the necessary state law component in actions under section 544?  The argument offered by the United States defies logic.  Sections 106 and 544, together, lead to the inescapable conclusion that Congress intended to waive sovereign immunity for any action that may be brought under section 544.  *See Equip. Acquisition Res., Inc. v. United States (In re Equip. Acquisition Res., Inc.)*, 2011 Bankr. LEXIS 2269 (Bankr. N.D. Ill. June 22, 2011); *Zazzali v. Swenson (In re DBSI, Inc.)*, 2011 Bankr. LEXIS 791 (Bankr. D. Del. Feb. 11, 2011); *Menotte v. United States (In re Custom Contractors, LLC)*, 439 B.R. 544 (Bankr. S.D. Fla. 2010); *Tolz v. United States (In re Brandon Overseas, Inc.)*, 2010 Bankr. LEXIS 2326 (Bankr. S.D. Fla. July 16, 2010); *Sharp v. United States (In re SK Foods, L.P.)*, 2010 Bankr. LEXIS 5254 (Bankr. E.D. Cal. July 14, 2010); *Liebersohn v. IRS (In re C.F. Foods, L.P.)*, 265 B.R. 71 (Bankr. E.D. Pa. 2001).  The United States waived sovereign immunity for all claims addressed in the Complaint.

### Florida's "Voluntary Payment Rule" Does Not Bar the Trustee's Claims

The United States argues that the Trustee may not obtain a judgment against the United States under sections 544 and 550 for federal taxes paid by the Debtor on behalf of others because the Florida Voluntary Payment Rule ("VPR") bars the Trustee from obtaining a "refund" of such taxes voluntarily paid by the Debtor.  "Florida's VPR 'generally

5

prohibits actions for refunds of taxes voluntarily paid, absent a specific statutory remedy.'" *Menotte v. United States (In re Custom Contractors., LLC)*, 439 B.R. 544, 547 (Bankr. S.D. Fla. 2010) (citation omitted). The VPR does not apply to this case for two reasons.

First, the VPR is a rule of Florida law applicable solely to claims for refund of taxes levied by the State of Florida. The United States is unable to cite a single decision applying Florida's VPR to claims arising from payment of federal taxes. This is because federal law, unlike Florida law, permits a refund claim even if the subject tax has already been paid. 26 U.S.C. § 7422(b) (providing that a taxpayer may pursue a claim for refund and then file suit for a refund "whether or not such tax, penalty, or sum has been paid under protest or duress"); *In re Custom Contractors., LLC*, 439 B.R. at 547.

The United States cites two bankruptcy decisions applying Maryland's voluntary payment rule to bar claims under section 544 and Maryland fraudulent conveyance law. *Wolff v. United States*, 372 B.R. 244, 255 (D. Md. 2007); *United States v. Field (In re Abatement Envtl. Res., Inc.)*, 301 B.R. 830 (D. Md. 2003), *aff'd on other grounds*, 102 Fed. Appx. 272 (4th Cir. 2004). The United States argues that Florida's VPR is similar to the doctrine applied in Maryland and, following those decisions, the VPR should be extended to bar the Trustee's section 544 claims here. In the Maryland decisions, the court failed to take into account the obvious distinction between state and federal law with regard to actions for refund of taxes voluntarily paid—that under Maryland law a tax voluntarily paid by the taxpayer is not subject to a refund claim but federal law reflects no such limitation. *See In re Custom Contractors*, 439 B.R. at 548 (stating that there is "no anomaly in refusing to apply a doctrine conceived to preclude state tax refunds in a suit seeking to recover federal tax payments, particularly when federal law itself eschews the doctrine"). Also, the Maryland court failed to recognize that the claim before it was not a claim for a refund of taxes improperly levied but was instead an action to establish an independent

6

liability on the part of the United States under federal statute. These decisions have been soundly criticized elsewhere. *See, e.g., In re Custom Contractors.*, 439 B.R. at 548; *Sharp v. United States (In re SK Foods, L.P.)*, 2010 Bankr. LEXIS 5254 (Bankr. E.D. Cal. July 14, 2010). This Court declines to follow the analysis presented in the Maryland decisions cited by the United States.

Second, the Trustee's claims in the Complaint are not "refund" claims. Under both federal and Florida law a refund claim is a claim for the return of taxes alleged to be not properly due. *See* 26 U.S.C. § 7422(a); Fla. Stat. § 215.26. In this case, there is no dispute that the taxes paid by the Debtor were actually due and owing to the United States. Even so, it does not matter whether the taxpayers or the Debtor would have had the right under other law to pursue a refund claim. The Trustee does not seek a refund of taxes on behalf of the Debtor or the taxpayer. Rather, the Trustee seeks a money judgment under sections 544 and 550 on behalf of the bankruptcy estate. *Sharp v. United States (In re SK Foods, L.P.)*, 2010 Bankr. LEXIS 5254 (Bankr. E.D. Cal. July 14, 2010) ("[I]n pursuing the present claims against the IRS, the trustee is not standing in the shoes of the debtors, as taxpayers, seeking to recover tax refunds, but rather, in the shoes of a creditor seeking to recover property fraudulently transferred, within the meaning of [state fraudulent transfer law], or the value of such property.") The concept of a tax "refund" does not apply to the facts of this case.[2]

---

[2] The United States cites *Collins v. United States*, 532 F.2d 1344 (Ct. Cl. 1976) and *Stahmann v. Vidal*, 305 U.S. 61 (1938) for the proposition that there is a federal voluntary payment doctrine. These decisions do not support this conclusion. Instead, *Collins* and *Stahmann* state that a party other than the taxpayer who has paid a tax on behalf of the taxpayer cannot challenge a tax unless it was paid under duress. The Trustee here relies on a federal statute to pursue a claim on behalf of the bankruptcy estate. The Trustee does not act on behalf of the Debtor or the taxpayers. Importantly, neither case cited by the United States prohibits the taxpayer itself from pursuing a refund of taxes improperly paid. This is because there is no general voluntary payment rule with regard to federal taxes. As noted above, federal statute specifically preserves the taxpayer's right to a refund.

## This Adversary Proceeding Was Timely Filed

The United States argues that the Trustee's claims under section 544 and FUFTA are not timely under the Florida statute of limitations. The United States argues that section 546, which addresses the timing of actions under section 544 among others, serves only to limit the Trustee's ability to bring avoidance actions and does not extend the statute of limitations for the underlying state law fraudulent conveyance theory.

The three counts in the Complaint rely on Florida Statutes sections 726.105(1)(a), 726.105(1)(b), and 726.106 as the "applicable law" under section 544. Florida Statutes section 726.110(1) provides that a cause of action under section 726.105(1)(a) is extinguished unless such action is brought within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant. For actions brought under sections 726.105(1)(b) or 726.106(1), the cause of action is extinguished if it is not brought within four years after the transfer was made or the obligation was incurred.

The United States argues that the transfer at issue in the Complaint, the payment of federal taxes by the Debtor on behalf of its principals, occurred no later than October 20, 2006. This adversary proceeding was filed March 29, 2011, more than four years after the transfer, outside the period proscribed by Florida Statutes section 726.110.

Section 546 provides, in relevant part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--

  (1) the later of--

    (A) 2 years after the entry of the order for relief; or

    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

8

(2) the time the case is closed or dismissed.

The United States argues that the text of section 546(a)—stating that "[a]n action . . . under section 544 . . . may not be commenced after the earlier of"—must be interpreted to limit the time period for commencement of an action under section 544 and not to extend the time for a trustee to commence an action.  The United States does not cite a single decision in support of this position.  This argument flies in the face of overwhelming case law holding that section 546 extends the time to pursue an avoidance action under section 544 so long as the underlying state law claim had not expired as of the date the bankruptcy case was filed.  *Collier on Bankruptcy* ¶ 546.02[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) ("If the state law limitations period governing a fraudulent transfer action has not expired at the commencement of a bankruptcy case, the trustee may bring the action pursuant to section 544(b), provided that it is commenced within the section 546(a) limitations period."); *Richardson v. Preston (In re Antex, Inc.)*, 397 B.R. 168, 173-74 (B.A.P. 1st Cir. 2008); *Sears Petroleum & Transp. Corp. v. Burgess Constr. Servs., Inc.*, 417 F. Supp. 2d 212, 222-26 (D. Mass. 2006); *Picard v. Estate of Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 229-32 (Bankr. S.D.N.Y. 2011); *Bakst v. Lester (In re Amelung)*, Case No. 09-01719-PGH, 2010 WL 1417742, *8 (Bankr. S.D. Fla. April 7, 2010) (Section 546 "allows the Trustee to commence a § 544 action utilizing state law within two years [after the entry of the order for relief], provided however that the state law statute of limitations period had not expired at the time of the bankruptcy filing.").

The United States also argues that Congress did not waive sovereign immunity for application of section 546 to extend the time period for filing actions under section 544.  Yet section 106 specifically waives sovereign immunity under section 546, including the provisions of section 546(a)(1) extending the time for a trustee to pursue avoidance actions

under section 544.  The only reasonable interpretation of sections 106(a), 544(b)(1) and 546(a)(1), together, is that the United States waived sovereign immunity with regard to avoidance actions under section 544 timely brought pursuant to section 546.[3]

It is undisputed that the tax payment occurred no later than October 20, 2006 and the Debtor filed its voluntary petition on November 13, 2008.  The four-year statute of limitations provided by Florida Statutes section 726.110 had not expired as of the petition date.  Pursuant to section 546, the applicable limitations period to file this adversary proceeding would have expired on May 13, 2011, one year after the Trustee became the permanent trustee under section 702.  This adversary proceeding was filed prior to the May 13th deadline, on March 29, 2011.  This adversary proceeding was timely filed.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss [ECF No. 15] is **DENIED**.

###

Copies Furnished To:

Marc P Barmat, Esq.
Thomas K Vanaskie, Esq.
William E Farrior,Esq.

*William E Farrior, Esq. is directed to serve a conformed copy of this Order on all appropriate parties not listed above and to file a certificate of service.*

---

[3] The United States somewhat cryptically argues that the Trustee's section 544 claim represents a "claim for relief . . . not otherwise existing under [the Bankruptcy Code], the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law" and thus an expansion of substantive law in violation of section 106(a)(5).  The Trustee's section 544 claim is a commonplace application of that provision, relying on state fraudulent conveyance law and brought within the time period set under section 546.  The United States waived sovereign immunity for the section 544 claim including its component state law theory and the application of section 546 to determine the deadline for filing the claim.  No part of the Trustee's claim was created solely by application of section 106 itself, and thus there is no violation of section 106(a)(5).